UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-21452-MC-SCOLA

In Re:  Request for International Judicial
Assistance from the Family Law Second
Chamber of the Superior Court of Justice,
Mexico; Matter of Jorge Ortiz de Pinedo
Pallas vs. Luigina Maria Tuccio Fantoni.
_____/

## MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782

The United States of America, through counsel, applies to this Court for an Order appointing a Commissioner requiring Televisa International, LLC, the entity listed in the Application for Order, to produce payroll records as set forth in the request for Assistance from the Family Law Second Chamber of the Superior Court of Justice, Mexico, a copy of which is attached to the application.

In enacting 28 U.S.C. § 1782 Congress intended "to improve United States judicial procedures for . . . obtaining evidence in the United States in connection with proceedings before foreign and international tribunals . . ." 1964 U.S. Code Cong. & Admin. News 3782.

Section 1782, 28 U.S.C., authorizes a United States District Court, in its discretion, to order a person who resides or is found in the district to give testimony or produce documents for use in a proceeding in a foreign or international tribunal if the statutory requirements are met. See 28 U.S.C. § 1782(a); *Intel Corp v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004); *In Re Patricio Clerici*, 481 F.3d 1324, 1332 (11th Cir. 2007), cert. denied, 128 S.Ct. 1063 (2008).

The following statutory requirement must be met to invoke § 1782;

> (1) the request must be made "by a foreign or international tribunal," or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement "of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal", (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

28 U.S.C. § 1782(a); *In Re Patricio Clerici*, 481 F.3d at 1331-1333.

The request for international judicial assistance from the Family Law Second Chamber of the Superior Court of Justice, meets each of the requirements set forth at §1782 (a). The request is being made by a foreign tribunal to obtain payroll records for use in a foreign proceeding and Televisa International, LLC can be found within the Southern District of Florida. Therefore, the Court is authorized under 28 U.S.C. § 1782 to grant the request for assistance.

In exercising its discretion as to whether it should grant a request that meets the criteria set forth under § 1782, the Court should consider the following factors:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding, because the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is otherwise unduly intrusive or burdensome.

*In Re Patricio Clerici*, 481 F.3d at 1334, citing *Intel Corp*., 542 U.S. at 264-65.
(internal quotes omitted)

The request for international judicial assistance in this case seeks evidence for use in a court proceeding brought by *Ortiz de Pinedo Pallas vs. Tuccio Fantoni*. According to the

request for international judicial assistance, the Family Law Second Chamber of the Superior Court of Justice, Mexico seeks payroll records from Televisa International LLC of Jorge Ortiz de Pinedo Pallas from 2006 to present.  The information sought from the non-party is not unduly intrusive or burdensome.  Also, there is no indication that the request is being made in an effort to circumvent any foreign proof-gathering restrictions or policies.  Therefore, the additional factors to be considered in determining whether the request for international judicial assistance should be granted, weigh in favor of granting the request.

Receipt of requests for international judicial assistance and actions taken with respect to them are customarily handled *ex parte*; persons who have objections to providing the requested information may raise such objections by moving to quash any subpoenas issued by the Commissioner.

WHEREFORE, it is respectfully requested that this Court honor the request for international judicial assistance and issue an Order appointing Carlos Raurell, Assistant United States Attorney for the Southern District of Florida, as Commissioner to execute the request.

Dated:  April 17, 2015                                      Respectfully submitted,
       Miami, Florida

                                         WIFREDO A. FERRER
                                         UNITED STATES ATTORNEY

                            By:     s/Carlos Raurell
                                  Carlos Raurell
                                  Assistant U.S. Attorney
                                  Florida Bar No. 529893
                                  Federal Justice Building
                                  99 N.E. 4th Street
                                  Third Floor/Civil Division
                                  Miami, Florida 33132-2111
                                  Tel. No. (305) 961-9243
                                  Fax No. (305) 530-7139
                                  Email: carlos.raurell@usdoj.gov